Lamini v. Holder

BIA
Nelson, IJ
A087 550 692

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand thirteen.

PRESENT:
>        JOHN M. WALKER, JR.,
>        PETER W. HALL,
>        DENNY CHIN,
>             *Circuit Judges.*

_____

LILA LAMINI, AKA LILA LAMENI,
>        *Petitioner,*

>        v.                                    12-733
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:              Jason A. Nielson, Of Counsel to the
                             Law Offices of Thomas Mungoven, New
                             York, NY.

FOR RESPONDENT:              Stuart F. Delery, Acting Assistant
                             Attorney General; Jennifer L.
                             Lightbody, Senior Litigation

**Counsel; Todd J. Cochran, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Lila Lamini, a native and citizen of Nepal, seeks review of a January 27, 2012, decision of the BIA affirming the September 1, 2010, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lila Lamini*, No. A087 550 692 (B.I.A. Jan. 27, 2012), *aff'g* No. A087 550 692 (Immig. Ct. N.Y. City Sept. 1, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As required by the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA and reviewed only those grounds for the adverse credibility determination that were affirmed by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.

2005).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.  Asylum**

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D).  We nonetheless retain jurisdiction to review constitutional claims and "questions of law."  8 U.S.C. § 1252(a)(2)(D).

In this case, we lack jurisdiction to review the denial of the asylum application, because Lamini challenges only the IJ's factual determination that she did not establish extraordinary circumstances sufficient to excuse the filing deadline and, to the extent that Lamini's claim does raise a question of law as to whether her lack of knowledge regarding filing deadlines was legally sufficient to establish extraordinary circumstances, the claim is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction.  *See* 8 U.S.C. § 1158(a);

3

*Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 323–32 (2d Cir. 2006); *see also Matter of Marin*, 13 I. & N. Dec. 497, 500-01 (BIA 1970) (ignorance of the law does not excuse the failure to apply for relief). For this reason, Lamini's appeal of the denial of her request for asylum is dismissed.

**II. Adverse Credibility Determination**

For applications such as Lamini's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). We "defer [ ] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

In this case, the agency reasonably based its adverse credibility determination on inconsistencies between Lamini's written statement, her documentary evidence, and her testimony regarding the date on which her husband was beaten, when she reported that her house had been burned down, and when she joined the Deurali Women's Group. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Liang Chen v. U.S. Att'y Gen*, 454 F.3d 103, 106-07 (2d Cir. 2006) (per curiam) (noting that the agency may "rely upon the cumulative impact of [] inconsistencies, and may conduct an overall evaluation of testimony in light of its ratonality or internal consistency and the manner in which it hangs together with other evidence" (internal quotation marks and citations omitted)).

Furthermore, the BIA reasonably concluded that even if several of the inconsistencies upon which the IJ relied could be attributed to translation issues, there were still other discrepancies that supported an adverse credibility finding, and the discrepancies upon which the BIA relied were not minor, as they went to the heart of Lamini's claim that the Maoists persecuted her and her husband because of her political activities. *See Xiu Xia Lin*, 534 F.3d at 167; *Xian Tuan Ye v. DHS*, 446 F.3d 289, 295-96 (2d Cir. 2006)

5

(per curiam).  Moreover, the BIA reasonably declined to credit Lamini's explanation that she was inconsistent because, without a lawyer, she was confused.  *See Ming Shi Xue v. BIA*, 439 F.3d 111, 124-25 (2d Cir. 2006) (discussing the IJ's superior perspective in evaluating credibility; *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (noting that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact finder to do so).

Given the inconsistencies, a reasonable fact-finder could find Lamini's testimony not credible.  *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin*, 534 F.3d at 167.  Because the only evidence of a threat to Lamini's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for withholding of removal and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang*, 426 F.3d at 523.  We therefore deny this portion of Lamini's appeal.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, any stay of removal that the Court previously

6

granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk